IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MARNIE WEINSTEIN, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 2:08-CV-408 |
| | § |
| PYLE PROPERTIES D/B/A THE CLUB DOWN UNDER, | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Pyle Properties' ("Pyle") Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Dkt. No. 19). Defendant contends that there is no genuine issue of material fact that it is not the plaintiff's former employer and that the plaintiff has failed to initiate suit against her former employer, Grande Bar & Grill, LLC ("Grande Bar"). The Court has carefully considered the facts of the case and finds that the defendant's motion should be GRANTED for the reasons stated in this opinion.

### I.    Factual Background

Plaintiff Marnie Weinstein filed this case against Pyle Properties d/b/a The Club Down Under claiming employment discrimination and retaliation by the defendant. Plaintiff was employed at The Club Down Under ("the Club") between February 7, 2007 and September 19, 2007, when she terminated her employment. On September 23, 2007, the plaintiff filed an application for unemployment benefits with the Texas Workforce Commission against Grande Bar & Grill, LLC, d/b/a The Club Down Under. *See* Deft's Mtn, Ex. E. On January 9, 2008,

1

the plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") regarding her employment with Pyle Properties, d/b/a The Club Down Under. *See* Deft's Mtn, Ex. F (EEOC Charge No. 450-2008-01194). On July 28, 2008, the EEOC issued a Notice of Right to Sue allowing the plaintiff to file suit against Pyle Properties, d/b/a The Club Down Under. *See id*. On October 28, 2008, the plaintiff filed this case against Pyle Properties d/b/a The Club Down Under claiming relief under Title VII, 42 U.S.C. §2000e. *See* Pltf's Original Complaint, Dkt. No. 1.

In its original answer, defendant Pyle denied it was the plaintiff's employer and was subject to the plaintiff's claims. Pyle filed this summary judgment motion based on the same argument. In response to the defendant's motion, the plaintiff sought leave of the Court to file an amended complaint, joining Tom Pyle as an individual defendant in this case. *See* Dkt. No. 23. Tom Pyle is a member of the limited liability company, Grande Bar. Defendant opposed the plaintiff's motion arguing that allowing plaintiff to amend her complaint would unfairly prejudice the defendant by denying Tom Pyle any time or opportunity to investigate or prepare a defense to such claim.[1] The Court agreed with the defendant and denied plaintiff's motion for leave. *See* Dkt. No. 28.

**II.    Discussion**

Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the

---

[1] Plaintiff's motion was filed July 10, 2009, less than a month before the scheduled jury selection date in this case. *See* Dkt. No. 23. The Court's Docket Control order set a deadline of April 21, 2009 to amend pleadings. *See* Dkt. No. 9. Neither party sought to extend the deadline.

2

non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-movant must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Holland v. City of Houston*, 41 F. Supp. 2d 678, 687 (S.D. Tex. 1999).

The Fifth Circuit has held that the initial discrimination charges filed by a plaintiff with the EEOC should be liberally construed in allowing a case to proceed in federal court. *See Walls v. Mississippi State Dept. of Public Welfare*, 730 F.2d 306, 318 (5th Cir. 1984). However, in order to file suit against a defendant, the initial EEOC charge must reasonably implicate that defendant as being within the scope of the EEOC investigation that could be expected to grow out of such a charge. *Id.*; *see also General Building Contractors Assn. v. Pennsylvania*, 458 U.S. 375, 380, n. 4 (1982) (stating that a precondition for a plaintiff to assert a Title VII cause of action against a defendant is that the defendant be named in the complaint filed by the plaintiff with the EEOC). The scope of a Title VII complaint is, therefore, limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Thomas v. Texas Dept. of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (citing *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990)).

Plaintiff's EEOC complaint named defendant Pyle alone. The scope of plaintiff's Title VII complaint in this case is, therefore, limited to Pyle.[2] However, it is clear that Pyle did not employ the plaintiff. Instead, there is sufficient evidence to show that the plaintiff was employed by Grande Bar. Defendant has produced payroll checks and stubs for wages paid to the plaintiff

---

[2] In her motion for leave to amend her original complaint, the plaintiff sought to join Tom Pyle as an individual defendant in this case. *See* Dkt. No. 23. However, Tom Pyle was not named in the EEOC complaint either. *See* Deft's Mtn, Ex. F (EEOC Charge No. 450-2008-01194). Furthermore, there is no evidence that the

3

by Grande Bar during her employment at the Club. *See* Deft's Mtn, Ex. B. Plaintiff's IRS Form W-2 for the year 2007 lists Grande Bar as her employer. *See* Deft's Mtn, Ex. C. Grande Bar's filings with the Texas Workforce Commission list the plaintiff as an employee for the first three quarters of the year 2007. *See* Deft's Mtn, Ex. D. Furthermore, the plaintiff's own application for unemployment benefits filed by her with the Texas Workforce Commission in September, 2007 lists Grande Bar as her employer. *See* Deft's Mtn, Ex. E. Plaintiff has not come forward with a reason for why she named Pyle as her employer in her EEOC complaint and in this case. Pyle has submitted evidence showing that it is simply the landlord that leases space to Grande Bar to operate the Club. *See* Deft's Mtn, Ex. A. Tom Pyle avers that he does business as Pyle Properties and owns real estate, including the commercial center where the Club is located. *See* Deft's Mtn, Ex. A, Decl. of Earl Tom Pyle. He also avers that he is a member of Grande Bar, the limited liability company that operates the Club. *See id.* However, this connection alone is not sufficient to find that the plaintiff was an employee of Pyle Properties and should be allowed to proceed to trial on her employment discrimination and retaliation against Pyle. Pyle Properties does not do business as The Club Down Under.

The Court finds that the plaintiff failed to name her employer in both the EEOC complaint and in this lawsuit. The Court cannot now broaden the scope of the plaintiff's initial charges to include a defendant that was in no way implicated in the original charges. *See Thomas*, 220 F.3d at 395 (finding that the district court abused its discretion in allowing the plaintiff to assert a claim that was not encompassed within the scope of the initial EEOC charge).

---

plaintiff was employed by Tom Pyle.

## III. Conclusion.

For the reasons stated herein, the Court GRANTS Pyle's motion for summary judgment (Dkt. No. 19).

SIGNED this 28th day of July, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE